## GUSTAVE TOUCHARD and EUGENE L. SULLIVAN, Appellants, *v.* DESIREE TOUCHARD, Respondent.

Although a Municipal Corporation has delegated to it certain powers of government, it is only in reference to those delegated powers that it will be regarded as a government.

In reference to all its other transactions, such as affect its ownership of property in buying, selling or granting, and in reference to all matters of contract, it must be looked upon and treated as a private person, and its contracts construed in the same manner, and with like effect as those of natural persons.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

The facts material to the points decided appear in the opinion of the Court.

*Saunders & Hepburn* and *Jo. G. Baldwin,* for Appellant.

*Campbell, Taylor & Beckh,* for Respondent.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

In the opinion which I delivered in the case of Vanderslice & Clarkson *v.* Hanks, 3 Cal., 27, I held that in a case of grant of land by the Mexican Government, upon conditions subsequent, the want of performance of the conditions could be taken advantage of only by denouncement, a mode of forfeiture fixed and regulated by Mexican jurisprudence.

The counsel for plaintiffs has learnedly argued to apply the same doctrine to a grant from a Municipal Corporation. The distinction, however, between the two cases is so apparent as scarcely to require consideration.

It is by the express decree of the Mexican Government that the denouncement is the mode of taking advantage of the non-performance of subsequent conditions in grants made by the Government, and it is therefore the only mode, because the Government has agreed that denouncement shall be the result of non-performance. On the other hand a corporation, both by the civil and common law, is a person, an artificial person, and although a Municipal Corporation has delegated to it certain powers of government, it is only in reference to those delegated powers that it will be regarded as a government. In reference to all other of its transactions, such as affect its ownership of property in buying, selling or granting, and in reference to all matters of contract, it must be looked upon and treated as a private person, and its contracts construed in the same manner and with like effect as those of natural persons. In the case of Cohas *v.* Raisin, 3 Cal., 433, we had occasion to examine the power and authority of towns, under the Spanish and Mexican systems, to acquire and dispose of lands, and the conclusion there attained after a careful examination of the Spanish and Mexican decrees, places their right upon as high ground as that of natural persons—a right of property beyond even the reach of royal interference.

It is therefore unnecessary to add more than that we approve fully of the conclusions attained by the District Judge. If a private natural person can grant lands upon conditions subsequent, and upon their non-performance resume the ownership, then it follows from the views preceding that a Municipal Corporation can do the like.

There is no error in the record and the judgment is affirmed.